# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **CHAD HANSEN,** | § § § |
| Plaintiff, | § Civil Action No.: § § |
| v. | § § |
| **MEDICREDIT, INC.,** | § **JURY TRIAL DEMANDED** § |
| Defendant. | § § |

# COMPLAINT

CHAD HANSEN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., allege the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Texas Debt Collections Practices Act, Tex. Fin. Code Ann. § 392.301 *et seq.* ("TFDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United

States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Corpus Christi, Texas 78407.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C.§1692a(3) and Tex. Fin. Code Ann. § 392.001(1).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a national debt collection company with headquarters located at 3 Cityplace Drive, Suite 690, St. Louis, Missouri 63141.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6) Tex. Fin. Code Ann. § 392.001(6), and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Tex. Fin. Code Ann. § 392.001(2).

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. Plaintiff has a cellular telephone.

13. Plaintiff has only used this phone as a cellular telephone.

14. Beginning in or around late September or early October 2016 and continuing through December 2016, Defendant placed repeated harassing telephone calls to Plaintiff its attempts to collect an alleged medical debt from Christus Spohn Hospital that was incurred primarily for personal, family or household purposes.

15. Defendant's calls originated from the numbers including, but not limited to: (800) 823-2318. The undersigned has confirmed that this number belongs to Defendant.

16. During this time, Plaintiff received automated calls that began with a pre-recorded voice before speaking to Defendant's collectors.

17. Desiring to stop the calls, Plaintiff spoke with Defendant on or about the second call in September or October and requested that Defendant stop calling him regarding this alleged medical debt.

18. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place further calls.

19. Further, any continued calls could only have been for the purpose of harassing Plaintiff.

20. However, Defendant ignored Plaintiff's request and continued to call Plaintiff repeatedly through December 2016.

21. These calls were frustrating and aggravating for Plaintiff to endure, particularly since Defendant would contact Plaintiff while at work.

22. After Plaintiff's request to stop calling was ignored by Defendant, Plaintiff took necessary measures to block calls from Defendant's phone number.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA

23. A debt collector violates § 1692d of the FDCPA by engaging n conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

24. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

25. Defendant violated §§ 1692d and d(5) when it placed repeated harassing telephone calls to Plaintiff and continued to call Plaintiff after it knew its calls were unwanted.

## COUNT II
## **DEFENDANT VIOLATED § 392.302(4) OF THE TFDCPA**

26. A debt collector violates § 392.302(4) of the TFDCPA by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

27. Defendant violated § 392.302(4) of the Texas FDCPA when it placed repeated harassing telephone calls to Plaintiff and continued to call Plaintiff after it knew its calls were unwanted.

## COUNT III
## **DEFENDANT VIOLATED THE TCPA**

28. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

29. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

30. Defendant's calls to Plaintiff were not made for emergency purposes.

31. Defendant's calls to Plaintiff, on and after September or October 2016, were not made with Plaintiff's prior express consent.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, CHAD HANSEN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    d. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

    e.    Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B);

    f.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)

    h.    Any other relief deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED,

Dated: January 6, 2017    KIMMEL & SILVERMAN, P.C.

By: /s/ Amy Bennecoff Ginsburg
Amy Bennecoff Ginsburg
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile (877) 788-2864
Email: aginsburg@creditlaw.com